IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| International Union of Operating Engineers, Local 150, AFL-CIO | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-cv-03836 |
| Roland Machinery Company, | ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff International Union of Operating Engineers Local 150 ("Local 150") filed a complaint against Defendant Roland Machinery Company ("RMC") to compel arbitration pursuant to their collective bargaining agreement. The parties filed cross motions for summary judgment [23, 25]. For the reasons stated below, Plaintiff's motion is granted and Defendant's motion is denied.

**Background**

Local 150 is a labor organization acting as the exclusive bargaining representative for certain employees of RMC, an employer that sells, leases, and repairs heavy equipment in Illinois, Indiana, and Missouri. Since 1976, the parties have entered into a number of bargaining agreements, the most recent of which went into effect on January 1, 2018. Section 6 of the current collective bargaining agreement (the "CBA") details the grievance and arbitration provisions, defining "'grievance' [as] any claim or dispute involving an interpretation or application of the agreement by an employee, or an Employer, or the Union, that one of the other of the aforesaid persons or organization is violating or has violated this Agreement." (Dkt. 27 at ¶ 5). If the parties cannot resolve the grievance, "it shall be submitted to a neutral arbitrator." (*Id.*).

On March 9, 2020, Local 150 submitted a grievance to RMC (the "Grievance") alleging that the company violated the CBA by requiring employees to use their accrued vacation time for sick

leave. No provision of the CBA explicitly permits RMC to force the use of accrued vacation time for sick days, nor does the CBA specifically address personal or sick leave. Only Section 16 of the CBA addresses restrictions on the use of vacation time as it prohibits RMC from compelling employees to use vacation leave during a seasonal layoff. (Dkt. 27 at ¶ 8). The CBA additionally contains a Management Rights clause, in which RMC retains the "right to make reasonable rules and regulations concerning the conduct of the business and the employees, providing the same are not contrary to the terms of this Agreement." (Dkt. 27 at ¶ 12). On May 31, 2020, RMC refused to process the Grievance and submit the dispute to arbitration.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When considering cross motions for summary judgment, the court must "construe all facts and inferences therefrom in favor of the party against whom the motion under consideration is made." *Markel Ins. Co. v. Rau*, 954 F.3d 1012, 1016 (7th Cir. 2020).

**Discussion**

Initially, the Court declines to consider RMC's argument that Local 150's Grievance is untimely, barring arbitration. Questions of procedural arbitrability, such as the "applicability of a time limit rule[,] [are] matter[s] presumptively for the arbitrator, not for the judge." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85, 123 S. Ct. 588, 154 L.Ed.2d. 491 (2002).

The parties' cross motions for summary judgment therefore hinge on whether the CBA reflects an agreement to submit the sick leave dispute to arbitration. The duty to arbitrate is a matter

2

of contract and "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co*, 363 U.S. 574, 582, 80 S. Ct. 1347, 4 L.Ed.2d 1409 (1960). The initial question of substantive arbitrability—that is, whether the CBA creates a duty to arbitrate a particular grievance—lies with the Court. *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, 105 S. Ct. 1415, 89 L.Ed.2d 648 (1996) (citing *Warrior & Gulf*, 363 U.S. at 582–83). In assessing arbitrability, the Court may not rule on the merits of the underlying claims. *Id.* at 649. For this reason, the Court declines to consider the parties' arguments as to whether RMC established a past practice concerning the sick leave policy.

When a CBA contains a broad arbitration clause, as is true here, a presumption of arbitrability arises. *AT&T Tech., Inc.*, 475 U.S. at 650. A party may rebut the presumption if the agreement expressly excludes the grieved issue from arbitration. If no express exclusion exists, "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Karl Schmidt Unisia, Inc. v. UAW Local 2357*, 628 F.3d 909, 913 (7th Cir. 2010) (citing *Warrior & Gulf*, 363 U.S. at 585).

To overcome the presumption of arbitrability, RMC primarily argues that the CBA does not expressly *include* an agreement to arbitrate the sick leave issue. This argument is without merit as it incorrectly inverses the applicable standard. *See id.* at 912 ("Mere failure to address a type of dispute is not necessarily an express exclusion of that type."). RMC also contends that because the CBA restricts RMC from compelling employees to use vacation time during seasonal layoffs, the omission of a similar restriction for sick leave expressly excludes the issue from arbitration. The Seventh Circuit rejected this reasoning in *Karl Schmidt Unisia, Inc.*, concluding that the rule of construction *inclusio unius est exclusio alterius* is irrelevant to the question of express exclusion. *Id.* at 913.

Finally, RMC maintains that the CBA's Management Rights clause expressly excludes from arbitration those "reasonable rules and regulations concerning the conduct of the business and the

3

employees, providing the same are not contrary to the terms of [the CBA]." This argument is identical to the issue in *Warrior & Gulf*, in which the Supreme Court created the express exclusion requirement. 363 U.S. at 583–84. The Court held that a vague Management Functions clause, similar to the clause at issue, did not exclude from arbitration those issues which were "strictly a function of management" unless otherwise expressly excluded from arbitration by the parties' agreement. *Id.* The CBA's Management Rights clause is therefore insufficient to evidence express exclusion of the sick leave issue for which Local 150 filed its Grievance.

Because the arbitration clause is quite broad and the exclusion clause is vague, RMC's only saving grace is to put forth "the most forceful evidence" that the parties did not intend to submit the issue to arbitration. *Id.* at 585. RMC propounds no such evidence. Therefore, the undisputed facts do not rebut the presumption of arbitrability. Local 150's motion for summary judgment is granted and RMC's motion for summary judgment is denied.

**Conclusion**

For the reasons stated above, Plaintiff's motion for summary judgment [25] is GRANTED and Defendant's motion for summary judgment [23] is DENIED.

**IT IS SO ORDERED.**

Date: 11/15/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge